**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DMYTRO YENIKIEIEV,

      Plaintiff,                        Case No.: 6:26-cv-647-JSS-NWH

v.                                   JURY TRIAL DEMANDED

CITIBANK, N.A.,

      Defendant.

_____/

**<u>UNIFORM CASE MANAGEMENT REPORT</u>**

The goal of this Case Management Report is to "secure the just, speedy, and inexpensive determination of" the action. See Fed. R. Civ. P. 1. Pursuant to Local Rule 3.02(a)(2) and the Court's Initial Case Order (Doc. 3), the parties submit this report on the standard form.

**1.    Date and Attendees**

The parties conducted the planning conference required by Federal Rule of Civil Procedure 26(f) and Local Rule 3.02(a)(1) on **May 5, 2026,** by telephone. The conference was attended by John A. Love, Esq. and Seth M. Lehrman, Esq. for Plaintiff Dmytro Yenikieiev, and Chantal Pillay, Esq. for Defendant Citibank, N.A. ("Citibank").

Citibank asserts that Plaintiff's claims may be subject to a binding arbitration provision contained in the card agreements governing the subject accounts, and Citibank expressly does not waive its right to enforce the arbitration agreement.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. See Fed. R. Civ. P. 26(a)(1). | May 22, 2026 |
| Deadline for moving to join a party, see Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, see Fed. R. Civ. P. 15(a). | September 1, 2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff: November 16, 2026 Defendant: December 16, 2026 Rebuttal: January 19, 2027 |
| Deadline for completing discovery and filing any motion to compel discovery. See Fed. R. Civ. P. 37; Middle District Discovery (2021). | March 16, 2027 |
| Deadline for moving for class certification, if applicable. See Fed. R. Civ. P. 23(c). | N/A (individual action) |
| Deadline for filing any dispositive and Daubert motion. See Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | April 16 17, 2027 |
| Deadline for participating in mediation. See Local Rules, ch. 4. Mediator: Ret. Judge Gregory P. Holder; 1511 North Westshore Blvd., Suite 700, Tampa, FL 33607, (813) 642-4229. | February 1, 2027 |
| Date of the final pretrial meeting. See Local Rule 3.06(a). | July 19, 2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. See Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | August 16, 2027 |
| Date of the final pretrial conference. See Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | August 23, 2027 |
| Month and year of the trial term. | September 2027 |

The trial will last approximately **two to three (2–3) days** and will be a **jury trial**.

While Plaintiff has requested a jury trial, Citibank denies that Plaintiff is entitled to a jury trial and reserves the right to seek a bench trial on the basis of the contractual jury trial waiver contained within the card agreement, and Plaintiff's claims are further subject to a binding arbitration provision contained in the card agreement.

## 3. Description of the Action

*Plaintiff's narrative statement.* This is an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Plaintiff alleges that he is the victim of identity theft and that an unknown fraudster used his personal identifying information without his knowledge or consent to open two Citibank credit card accounts in his name (account numbers beginning #5424XXXXXXXX). Defendant Citibank, N.A.—a furnisher of information to consumer reporting agencies—reported the fraudulent Accounts to Experian as belonging to Plaintiff. After Plaintiff disputed the Accounts through Experian and provided supporting information, including a police report from the Osceola County Sheriff's Office, Defendant was required by the FCRA to conduct a reasonable investigation and to correct or delete any inaccurate reporting. Plaintiff contends that Defendant failed to conduct a reasonable investigation, improperly verified the fraudulent Accounts as accurate, and continued reporting them on Plaintiff's consumer file. In the single Count of his Complaint, Plaintiff alleges that Defendant's conduct violated 15 U.S.C. § 1681s-2(b) and caused Plaintiff credit harm, emotional distress, and out-of-pocket losses, for which he seeks actual, statutory, and punitive damages, as well as attorneys' fees and costs. The action is not factually or legally complex.

**Citibank:** Citibank denies Plaintiff's allegations and asserts that its investigations into any credit disputes were reasonable and that it fulfilled its obligations under the FCRA. Citibank has not acted with malice, negligence, willful, or reckless intent to harm Plaintiff. Citibank further denies that Plaintiff has sustained any actual damages. the Plaintiff's claims should be dismissed as a matter of law. Citibank makes this statement without waiving any defenses and reserves the right to supplement or amend this statement as discovery commences and the facts are developed.

4.      **Disclosure Statement**

☒   Each party has filed a disclosure statement using the required form, in accordance with Federal Rule of Civil Procedure 7.1, Local Rule 3.03, and the Court's Initial Case Order.

5.      **Related Action**

☒   The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the Court of any related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." Plaintiff has filed his Notice of Pendency of Other Actions certifying that this action is not related to any pending or closed civil or criminal case.

**6.** **Consent to a Magistrate Judge**

☐ The parties do consent and file with this Case Management Report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge."

☒ The parties do not consent.

**7.** **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference.

**8.** **Discovery Practice**

☒ The parties have read the Middle District Discovery Handbook and confirm they will comply with their duty to confer with the opposing party in a good-faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); Middle District Discovery (2021), § I.A.2.

**9.** **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

**A.** The parties agree to the timing, form, and requirement for disclosures under Rule 26(a). ☒ **Yes.** ☐ **No.**

**B.** Discovery may be needed on the following subjects, subject to a mutually agreeable confidentiality agreement:

*Plaintiff's discovery:* Defendant's policies and procedures for receiving, investigating, and responding to identity-theft and fraud disputes referred by consumer reporting agencies under 15 U.S.C. § 1681s-2(b); the specific actions Defendant took, or did not take, in investigating Plaintiff's disputes; Defendant's communications with Plaintiff; Defendant's communications with Experian (and any other consumer reporting agency) regarding the Accounts; Defendant's account-opening, authentication, and fraud-prevention procedures applicable to the Accounts; Defendant's net worth; prior lawsuits, complaints, and regulatory actions involving substantially similar claims against Defendant; and third-party discovery in support of Plaintiff's claim for damages.

**Citibank:** Citibank anticipates needing discovery regarding Plaintiff's allegations, claims, theories of liability, damages, communications, credit history and disputes, including non-party discovery.

**C.** Discovery should be conducted in phases. ☒ **No.** ☐ **Yes.**

**D.** Issues regarding disclosure, discovery, or preservation of electronically stored information. ☐ **No.** ☒ **Yes.**

This action is expected to involve discovery of electronically stored information ("ESI"). The parties have conferred regarding the existence and location of ESI, preservation (including the time period to be preserved), the relative ease and cost of production, format and schedule for production, and a plan for managing privilege and work-product issues. The parties agree to produce documents in PDF

format, with native files produced upon reasonable request for spreadsheets, audio, video, and other files for which PDF is not a reasonable substitute. The parties will continue to confer in good faith to resolve any ESI issues that arise and will seek the Court's assistance only after attempting to resolve such issues without judicial intervention.

**E.** ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d). The parties do not at this time request such an order but reserve the right to seek one if circumstances warrant.

**F.** The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations. ☒ **No.** ☐ **Yes.**

10. **Request for Special Handling**

☒ The parties do not request special handling.

11. **Certification of Familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

Dated: May 18, 2026

/s/ Seth M. Lehrman
Seth M. Lehrman
Florida Bar No. 132896
LEHRMAN LAW
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: 754-778-9660
E-mail: seth@lehrmanlaw.com

John A. Love
Florida Bar No. 67224
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Telephone: 404-855-3600
Facsimile: 404-301-2300
E-mail: tlove@loveconsumerlaw.com

*Counsel for Plaintiff*

/s/ Chantal M. Pillay
Louis M. Ursini, III, Esq.
Florida Bar No. 0355940
Chantal M. Pillay, Esq.
Florida Bar No. 108369
ADAMS AND REESE LLP
100 North Tampa Street, Suite 4000
Tampa, FL 33602
Telephone: 813-402-2880
Facsimile: 813-402-2887
Primary: chantal.pillay@arlaw.com
louis.ursini@arlaw.com
Secondary: lisa.stallard@arlaw.com

*Counsel for Defendant Citibank, N.A.*